UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY QUIMBY,<br><br>              Plaintiff,<br>     v.<br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>              Defendants. | No. 2:25-cv-05349-JFW-BFM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**SUMMARY OF ORDER**

This action involves a pro se civil rights complaint filed by Plaintiff Jeffrey Quimby. He alleges that he was unlawfully detained and arrested, was booked into custody, and was then released without formal charges being filed. But Plaintiff provides only conclusory allegations about the "who, what, when, and why" of these events.

In evaluating Plaintiff's application for in forma pauperis status, the Court is required to dismiss the case if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). Applying that standard, Plaintiff's First Amended Complaint must be dismissed because it violates Rule 8 of the Federal Rules of Civil Procedure, which requires a short

1  and plain statement of the grounds for relief. Such dismissal is with leave to
2  amend, as it is not clear that Plaintiff could not state a claim consistent with
3  the allegations stated in the Complaint.

4      The Court therefore dismisses the First Amended Complaint with leave
5  to amend and holds his application for in forma pauperis status in abeyance
6  pending filing of an amended complaint.

**ORDER**

**A.    Legal Standard**

Where a plaintiff seeks permission to proceed in forma pauperis, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims in the First Amended Complaint and views all inferences in a light most favorable to him. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Plaintiff is not represented by counsel, the Court construes the First Amended Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

**B.     Factual Background**

Plaintiff filed his First Amended Complaint on November 5, 2025. (ECF 14 ("FAC").) The First Amended Complaint alleges the following facts: Plaintiff was unlawfully arrested and detained without probable cause. (FAC at 1.) The arrest occurred with the assistance of Beverly Hills Police Department. (FAC at 1.) He was booked into custody, held for six days, and then released without formal charges being filed. (FAC at 1.) His vehicle was "illegally searched and seized" (FAC at 2.)

Plaintiff names as Defendants the Los Angeles Police Department, Beverly Hills Police Department, and several police officers, sergeants, and investigators. (FAC at 1.) He claims those Defendants acted "jointly and under color of law," and that their acts were "retaliatory, conspiratorial, and intended to deprive Plaintiff of his civil rights." (FAC at 2.) He alleges Fourth and Fifth Amendment violations under § 1983 and § 1985, *Bivens*, and conversion. (FAC at 2.) Plaintiff seeks compensatory damages and costs of suit. (FAC at 2.)

When he filed his initial Complaint, Plaintiff also applied for in forma pauperis status. (ECF 3, 7.) Upon screening the Complaint, the Court dismissed his Complaint with leave to amend. (ECF 13.) Plaintiff then filed this First Amended Complaint. (FAC.) For much the same reasons as his previous Complaint was dismissed, the Court concludes that the First Amended Complaint must be dismissed.

**C.     Analysis**

   **1.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement showing that the pleader is entitled to relief" where each allegation is "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a), (d)(1). While Rule 8 does not require detailed factual allegations, complaints must, at a minimum, allege enough facts to provide "fair notice" of both the claim being asserted and "the

grounds upon which [the particular claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.3 (2007) (internal citation and quotation marks omitted). A complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 2002).

Plaintiff fails to do so here. He provides a list of individuals, a list of causes of action, and conclusory statements of what happened—for example, that he was "unlawfully detained and arrested without probable cause" and that his car was "illegally searched and seized." (FAC at 1, 2.) But he never says what facts led to the conclusion that he was *unlawfully* detained or *illegally* searched, or how any of the named individual Defendants were involved in the incidents he describes. Plaintiff appears to rest entirely on the fact that he was detained and that "formal charges" were not ultimately pursued. (FAC at 1-2, 6-7.) But a prosecuting authority has discretion not to charge a criminal offense for any number of reasons, not solely for lack of probable cause. The mere allegation that no formal charges were ultimately brought does not, therefore, state a claim for unlawful detention or arrest. Because the First Amended Complaint contains nothing more than conclusions, Plaintiff fails to meet Rule 8's standard for pleading a claim in federal court.

A violation of Rule 8 is itself a basis for dismissal. *McHenry*, 84 F.3d at 1178. Such dismissal is appropriate here; based on the current pleading, the Court cannot discern whether any of Plaintiff's causes of action state a claim on which relief could be granted.

**2.     Other Problems with the Complaint**

In amending his Complaint, Plaintiff should be aware of the following additional deficiencies in his claims, two of which were flagged in the Court's previous order:

4

First, it does not appear Plaintiff has stated the building blocks of a claim under § 1985. To state a claim under § 1985, a complaint must allege: "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Here, the Complaint does not appear to make any allegation about any racial or class-based discriminatory motive.

Second, it does not appear Plaintiff has made allegations that would suffice to state a claim against either city or its police department. Where a plaintiff seeks to impose liability under § 1983 on a municipality or one of its agencies, he must identify an official policy or custom that caused his injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see also Mickens v. Hous. Auth. of the City of Los Angeles*, No. CV 21-9798-JFW (KS), 2022 WL 18143892, at *9 (C.D. Cal. Dec. 7, 2022), *report and recommendation adopted Mickens v. Hous. Auth. of City of Los Angeles*, 2023 WL 319915 (C.D. Cal. Jan. 18, 2023) (applying *Monell* standard to county housing authority). If there is no express policy, a plaintiff must allege the existence of a "persistent and widespread" custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Plaintiff has named the Los Angeles Police Department and the Beverly Hills Police Department but has made no allegations concerning a policy or custom of either entity.

5

Third, a *Bivens* claim is a method of suing federal officers and employees for constitutional violations. *Egbert v. Boule*, 596 U.S. 482, 490 (2022). But Plaintiff's claims are all against local law enforcement.

## CONCLUSION

For these reasons, Plaintiff's application for in forma pauperis status is again held in abeyance, and Plaintiff's First Amended Complaint is dismissed with leave to amend.[1]

Plaintiff is granted until **December 8, 2025**, to file a Second Amended Complaint. The Second Amended Complaint:

- Must bear the case number assigned in this case;
- Must be labeled "Second Amended Complaint";
- Must be complete in and of itself—meaning it does not require the court to reference the original Complaint, the First Amended Complaint, or any other pleading, attachment, or document; and
- Must be signed and dated.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Plaintiff is advised, however, that this Court's determination that the allegations in the Complaint are insufficient to state a claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that Plaintiff failed to plead sufficient factual matter in his pleading, accepted as true, to comply with Rule 8, he is not required to omit any claim or defendant in order to pursue this action. If Plaintiff decides to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. *See* L.R. 72-1, 72-2.

Plaintiff is warned that if he does not do either of these things within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), **the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend, based on reasons set out in this Order and/or Plaintiff's failure to prosecute the case.**

**IT IS SO ORDERED**.

DATED: November 7, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE